**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Antonio Haro, | No. CV-23-00326-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Pending before this Court is Petitioner's "Motion to Vacate Sentence or Correct Sentence," pursuant to 28 U.S.C. § 2255.  (Petition (Doc. 1)). The Court denies the motion and dismisses this action.

The Petitioner argues that his sentence is unconstitutional because counsel representing him at resentencing was ineffective for the following reasons: 1) failure to invoke the retroactive changes in law at his resentencing, which assumably[1] caused the Court's failure to consider evidence of Petitioner's post-sentencing rehabilitation and in this way ignored relevant 18 U.S.C. § 3553(a) factors; 2) failure to challenge the position that the Court did not possess discretion to resentence Petitioner to 240 months or any sentence other than 300 months under the First Step Act; 3) failure to seek relief under 18 U.S.C. § 3582(b) or the Equal Protection Clause for extraordinary and compelling reasons due to his sentence being excessive and disproportionate, and 4) failure to seek entitlement to a 2-level decrease for acceptance of responsibility.

---

[1] Without this assumption, the allegation that the Court failed to consider post-sentencing rehabilitation falls outside the context of his ineffective assistance of counsel claim.

A.    Conviction and Sentence

Following a jury trial conviction for a continuing criminal enterprise offense and multiple drug charges, Petitioner received a life sentence based in large part on the recommended guideline range for the drug quantities involved in the offense, his leadership role in the offense, and involvement of a weapon.  On direct appeal, the appellate court affirmed the conviction and sentence. Subsequently on habeas review, the sentence was reversed and the remanded for resentencing because the Double Jeopardy Clause prevented the defendant from being convicted for both the continuing criminal enterprise and the lesser included conspiracy counts. On remand, the Court dismissed Counts 3 and 11, the two drug conspiracy counts, and amended the sentence to 300 months for the continuing criminal enterprise count and entered concurrent sentences ranging from 300 months to 60 months on other counts. The Court also imposed concurrent terms of supervised release and special assessments. This Petition challenges that resentencing.

In 2021, the Court imposed the 300-month sentence based on a presentence report updated to reflect sentencing changes made in 2014, Amendment 782, that reduced the base offense levels in the drug quantity table by two levels and dismissal of the drug conspiracy counts 3 and 11. Given the large quantity of drugs involved in the offense, the Amendment 782 changes did not change the guideline range, and it remained life in prison. The Court issued the substantially lower 300-month sentence based on a downward variance.

B.    28 U.S.C. § 2255: Motion to Vacate or Correct Sentence

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  A motion for such relief may be made at any time.

28 U.S.C. § 2255. A district court shall summarily dismiss a § 2255 petition "[i]f it plainly

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."  Rule 4(b), Rules Governing § 2255 Actions. The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous.  *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

C.      Government's Response: 28 U.S.C. § 2255

For all the reasons explained in the Government's Objection, the Petitioner is not entitled to habeas relief. The Petitioner fails to establish counsel representing him at the resentencing was ineffective and fails to make any showing of prejudice.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 666, 687-88 (1984). To establish ineffective assistance of counsel, Petitioner must show the attorney's performance fell below an objective standard of reasonableness, which prejudiced the Petitioner. *Id.* at 687. Prejudice can be shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The Court does not need to determine whether counsel's performance was deficient before considering whether defendant suffered any prejudice. *Id.* at 697. "It is easier to dispose of an ineffective assistance of counsel claim on the lack of sufficient prejudice, . . . that course should be followed." *Id.*

The Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *id.* at 689, and must not second-guess counsel's decisions nor apply the twenty-twenty vision of hindsight, *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994).  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at this time. *Id.* (quoting *Strickland*, 466 U.S. at 689).

After a review of the record, the Court concludes Petitioner's counsel at resentencing provided effective assistance of counsel. The sentencing memoranda raised

the issues raised in the Petition, *see* (Sentencing Memo (Doc. 1499), and counsel urged and expanded on them at the resentencing. For example, Petitioner's sentencing memoranda and counsel at resentencing argued for a 2-level decrease for acceptance of responsibility. Petitioner put his case to trial, and, therefore, his assertion of acceptance of responsibility was based on a letter sent to the Court just prior to resentencing, acknowledging his culpability. While questioning whether this "new" fact should be considered in the guideline calculations at resentencing, the Court nevertheless found it insufficient as a matter of fact to warrant a 2-level guideline reduction. *Id.* at 9. The "changes in the law" referenced in the Petition were correctly explained by the Government as affecting lower and middle level drug offenses, (TR (Doc. 1513) at 16-17). Given the large drug quantities involved in the offense, Petitioner's guideline range was not reduced. In short, both of these assertions of error were raised and considered at resentencing, The Court found that there were no changes to the guideline sentencing recommendation for life in prison. *Id.* at 8.

The Court understood that it had discretion to enter the requested 240-month sentence. In fact, it asked the parties to address its discretion to reduce the 360-month term imposed on other counts because replacing the life sentence with 240 months would accomplish little if the 360-month term sentences remained.  Petitioner's attorney offered case law to support her position that the Court's discretion reached the entirety of the sentences. The Government agreed but objected to such a low sentence reduction. *Id.* at 6-8.

The Court considered the argument and evidence presented by the Petitioner of post-sentencing rehabilitation, including his educational undertakings, his commitment to physical fitness, not having tattoos or gang affiliations, his recent letter of acceptance of responsibility, and the punitive nature of his 20-some year prison experience. The Court was asked to, and did, compare his lack of maturity when he committed the offense at the young age of 23 and his age, almost doubled, at the time of resentencing. Counsel pointed out his mental health issues. *Id.* at 10-16.  The Court did exactly what the Petitioner says it didn't do. The Court expressly said it considered the resentencing "as a sentencing of Mr.

- 4 -

Haro as if he's never been sentenced before. It's not a motion to reduce the sentence, that's not the issue. It's what sentence would I give Mr. Haro today without consideration to what I've given him in the past? That's how I'm looking at it." *Id.* at 8. The Court considered all the § 3553 sentencing factors, including some that had not changed—like the seriousness of the of the offense.

The Court concluded, "today I see a different Mr. Haro. And so if I'm sentencing as of today, I have to consider Mr. Haro today. And it seems like to me that his criminal spirit has been squelched. I no longer think that when he gets out he'll do this again." *Id.* at 17.

The Court pointed out it considered other factors, such a Petitioner's problematic behavior of obtaining a gun, taking a leadership role in the operations, and advancing his own cocaine drug trafficking venture. *Id.* at 17-18. Then, the factors weighed in favor of protecting the community by imposing a life sentence. At resentencing, the factors had shifted in respect to the need for deterrence and weighed in favor of a variance. To be clear the Court could have imposed a life sentence, but weighing the factors presented at resentencing, the Court imposed a 300-month sentence "to reflect how serious the offense was but at the same time giving Mr. Haro the hope that I think he now deserves that he will see the outside again before the end of his life." *Id.* at 18.

The Court was not then, nor is it now, persuaded that there is a great disparity between Petitioner's sentence and the sentences of other codefendants. The Court considered the 292-month sentence it imposed on Petitioner's father Julio, who committed the instant offense while on release for a prior marijuana trafficking offense involving over 988 kilograms of marijuana. It sentenced Leonardo Burgos-Valencia, the alleged boss of the marijuana trafficking offense, to 288 months. The Court sentenced Heriberto "Eddie" Gonzalez, Jr., who Petitioner's attorney argued was on the same level as Sergio, to 88 months in custody. The Court did not agree with counsel's comparison. It sentenced Petitioner to 300 months, which was not disproportionate to the sentences imposed for codefendants, Julio Haro and Burgo-Valencia. *See* (TR at 18-19 (commenting that with good time credits, he really doesn't have much mor time to serve). For these reason, the

Court rejects the Petitioner's argument that his sentence is excessive and disproportionate and should be reduced for a compelling and extraordinary reason under 18 U.S.C. § 3582(b) or the Equal Protection Clause.

The Court finds there was no prejudice to Petitioner due to ineffective assistance of counsel. The Court imposed a sentence that was significantly less than a life sentence.

The Court agrees with the Government that the Petitioner cannot show prejudice. "Under the sentencing analysis conducted by the Court at the 2021 resentencing, the arguments of mitigation made in the § 2255 Petition were considered and, therefore, and to the extent that they may be more articulately made here in the Petition, there is no reasonable probability that the result of the proceeding would have been different." (Response (Doc. 6) at 11-12.)

> D.    Conclusion

The Court rejects Petitioner's arguments of ineffective assistance of counsel at his 2021 sentencing and finds no prejudice to him from assistance of counsel at the time of sentencing. The Court finds on the face of the motion and record of the prior proceedings that the Petitioner is not entitled to relief, and therefore, there is no need for an evidentiary hearing.

**Accordingly,**

IT IS ORDERED that Petitioner's "Motion to Vacate Sentence or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1526) filed in CR 05-125-TUC-DCB and (Doc. 1) filed in CV 23-326-TUC-DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 23-326-TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED,** pursuant to Rule 11(a) of the Rules Governing Section 2255 cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because the Petitioner cannot demonstrate that "reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *United States v. Martin*, 226 F.3d 1042, 1046 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).)

        Dated this 4th day of April, 2024.

_____

Honorable David C. Bury
United States District Judge